UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

| | |
|---|---|
| Tria V. H., | No. 23-cv-2979 (KMM/SGE) |
| Plaintiff, | |
| v. | **ORDER** |
| Carolyn W. Colvin, *Acting Commissioner of Social Security*, | |
| Defendant. | |

Plaintiff brought this civil action to appeal the Commissioner of Social Security's denial of her application for disability benefits. On November 25, 2024, United States Magistrate Judge Shannon G. Elkins issued a Report and Recommendation ("R&R") concluding that Plaintiff's request for relief should be denied and the Commissioner's decision denying the application for benefits affirmed. R&R, Dkt. 18. Plaintiff filed a timely Objection to the R&R. Fed. R. Civ. P. 72(b)(2); D. Minn. LR 72.2(b)(1).

The Court reviews de novo any portion of the R&R to which specific objections are made. 28 U.S.C. § 636(b)(1); D. Minn. LR 72.2(b). In the absence of objections, the Court reviews the R&R for clear error. *Nur v. Olmsted County*, 563 F. Supp. 3d 946, 949 (D. Minn. 2021) (citing Fed. R. Civ. P. 72(b)); *Grinder v. Gammon*, 73 f.3d 793, 795 (8th Cir. 1996) (per curiam). Having considered the issues raised in Plaitiff's Objection de novo, and after reviewing the remainder of the R&R for clear error, the Court overrules Plaintiff's Objection and accepts the R&R.

1

Plaintiff asserts that the Administrative Law Judge ("ALJ") who rejected her disability claim erred in evaluating the mental health opinion from Dr. Barron, the state agency psychologist who conducted a consultative examination of Plaintiff. Specifically, Plaintiff argues that the ALJ failed to include the full range of social-interaction limitations reflected in Dr. Barron's opinion when the ALJ determined Plaintiff's residual functional capacity ("RFC") and failed to adequately explain the reason for omitting such limitations from the RFC. Dr. Barron opined that Plaintiff was "marginally able to interact with the public" and capable of "very brief, infrequent, superficial interactions with fellow workers and supervisors." Admin. R. 22, 363[1]; R&R 7. The ALJ found Dr. Barron's opinion "to be generally persuasive as it is consistent with the clinical and objective findings on exam, and to the extent supported, I accommodated for these limitations in the residual functional capacity." Admin. Rec. 22. When articulating Plaintiff's RFC, the ALJ found that Plaintiff "is limited to superficial interactions with others, such as taking basic instructions, relaying information and transferring materials." Admin. Rec. 17; *see* R&R 4–5, 7–8.

In the RFC finding, the ALJ expressly incorporated Dr. Barron's opinion that Plaintiff can engage in only "superficial" interactions, but the ALJ did not articulate the RFC in lockstep with Dr. Barron's indication that such interactions should be "very brief" and "infrequent." In Plaintiff's original "SSA Brief" and again in her Objection, she argues that the RFC assessment conflicts with Dr. Barron's opinion because, despite finding the opinion to be persuasive and including the limitation concerning the "quality" of

---

[1] Dr. Barron's full report of the mental status examination is at Admin. R. 359–63.

interactions (superficial) that Plaintiff can sustain, the ALJ omitted the limitations on the "quantity" of those interactions (very brief and infrequent). She also contends that the ALJ failed to provide an adequate explanation for failing to adopt the limitations concerning the duration and frequency of interactions with co-workers and supervisors. Objection 3–7; Pl.'s Br. 9–13, Dkt. 14.

In the R&R Judge Elkins found these arguments unpersuasive and that the ALJ committed no error. This Court agrees with Judge Elkins' analysis. First, Plaintiff suggests that Judge Elkins misconstrued or misunderstood the nature of her challenge. Plaintiff states:

> The Magistrate Judge claimed[2] that the ALJ adequately explained how the evidence supported the [RFC, but] the question is not whether the ALJ's [RFC] is supported by substantial evidence. [Plaintiff] is not arguing that any of the limitations in the [RFC] were erroneous or should have been omitted. Instead, [she] is arguing that the ALJ found a set of opinions to be generally persuasive, yet failed to account for the social interaction limitations opined by the Agency's own expert.

Objections 3. Plaintiff further states that she "is not arguing that the ALJ was obligated to adopt or include verbatim, any of Dr. Barron's opined limitations," and states "[t]hat is not what is at issue here." *Id.*

---

[2] Magistrate Judges do not make "claims" about the record in the cases before them when issuing an R&R, nor do they make "claims" about the application of law to facts. They "submit to a [district] judge . . . proposed findings of fact and recommendations for the disposition" of the matters referred to them. 28 U.S.C. § 636(b)(1). It is possible to respectfully object to an R&R without implicitly denigrating the nature of the magistrate judge's work.

3

The Court finds no support for Plaintiff's criticism of the R&R's analysis of the issues and Plaintiff's attempt to reframe her argument runs headlong into the way she raised the issues in her original brief. There, she stated that the "ALJ's error resulted in an incomplete residual functional capacity" and that the RFC "is not an accurate representation of [Plaintiff's] maximum remaining ability to perform various work activities." Pl.'s Br. 13. The R&R, therefore, properly responded to Plaintiff's framing of the issue. And although Plaintiff suggests she is not asking the Court to find that the ALJ was required to adopt Dr. Barron's opined limitations or include them verbatim in the RFC, that is precisely the effect of Plaintiff's argument. Plaintiff's ultimate position is that the RFC should have been more restrictive than it was, and if it included all the precise limitations found in Dr. Barron's opinion, then the outcome here would be different (i.e., her RFC would have been more restrictive and that would have affected the next step in the sequential analysis). Respectfully, the Court cannot see how that is anything other than an assertion that the ALJ erred by failing to adopt the opinion word-for-word, which the law does not require. *See, e.g.*, *Wyatt v. Kijakazi*, No. 23-1559, 2023 WL 6629761, at *1 (8th Cir. Oct. 12, 2023) (per curiam) ("The ALJ was not required to adopt the exact limitations set forth in the opinions she found persuasive, and substantial evidence supported the RFC findings regarding Wyatt's abilities to interact with others in the workplace.").

Even if there is some daylight between a request for verbatim adoption of a generally persuasive medical opinion's limitations and the argument Plaintiff is raising now, the Court finds, as it has in previous cases, that under existing Eighth Circuit case law

4

Plaintiff's position lacks merit. The Eighth Circuit recently rejected this argument in *Lane v. O'Malley*:

> Lane argues that the ALJ's reference to "occasional" interactions is inconsistent with the shared opinion of two psychologists, which the ALJ found persuasive, that he could have "superficial" interactions. He reasons that because the terms are different—the former being about quantity and the latter about quality—omitting the psychologists' limitation renders the expert's conclusion unreliable and the ALJ's decision without substantial evidence.
>
> We reject this manufactured inconsistency. The psychologists noted that Lane could relate to others superficially, work in small groups, and maintain at least minimal relationships with others. Nothing in the reference to "occasional" interactions conflicts with that opinion. And the ALJ, considering the entire record, addressed the quality of Lane's workplace interactions: no team, tandem, or public-facing work. We decline to nitpick its well-reasoned decision.

No. 23-1432, 2024 WL 302395, at *1 (8th Cir. Jan. 26, 2024) (per curiam).

The Court will similarly not nitpick the ALJ's decision in this case. Beyond arguing that the ALJ failed to account for both qualitative and quantitative limitations in the RFC, Plaintiff does not explain why the RFC's omission of the terms "very brief" and "infrequent" resulted in an RFC that is inconsistent with Dr. Barron's opinion. The ALJ found Plaintiff "is limited to superficial interactions with others, such as taking basic instructions, relaying information and transferring materials." Interactions with others that consist of no more than taking basic instructions, relaying information, and transferring

materials are likely to be brief and infrequent in a workplace setting.[3] Plaintiff does not argue otherwise and instead relies on the manufactured inconsistency that *Lane* rejects. *See Jennifer L. v. Comm'r of the Soc. Sec. Admin.*, No. 23-cv-1822 (KMM/TNL), 2024 WL 4003021, at *3–4 (D. Minn. Aug. 30, 2024) (rejecting a similar claim).

Finally, the Court disagrees that the ALJ failed to properly apply SSR 96-8p because he did not provide a sufficient explanation for omitting the "very brief" and "infrequent" aspects of Dr. Barron's opinion from the RFC finding. As the R&R correctly noted, the ALJ was not "required to 'list and reject' nor 'explicitly reconcile' every possible limitation opined by Dr. Barron." R&R 8 (citing *McCoy v. Astrue*, 648 F.3d 605, 615 (8th Cir. 2011). The ALJ concluded that Dr. Barron's opinion was *generally* persuasive and that he accounted for the opinion in the RFC to the extent it was consistent with the entire record. And the ALJ expressly stated why he included a limitation to superficial interactions, along with more specific components than those suggested by the state agency psychological consultants, in the paragraph immediately preceding the discussion of Dr. Barron's opinion. Admin. Rec. 22. Elsewhere in the written decision the ALJ fully discussed the evidence regarding Plaintiff's ability to interact with others. Thus, this is not a case where the Court could find that possible imperfections in the ALJ's written decision amount to a "failure to comply with SSA regulations" constituting "legal error." *Lucus v. Saul*, 960

---

[3] The Court notes that Plaintiff's own function report submitted in connection with her disability claim indicated that she got along well with authority figures and had never been fired or laid off from a job because of problems getting along with other people. Admin. Rec. 296. The ALJ referenced this and other unchallenged aspects of the record concerning Plaintiff's mental health related limitations in the written hearing decision. *Id.* at 15–16, 22–23.

F.3d 1066, 1070 (8th Cir. 2020). The Court concludes that the ALJ adequately explained his assessment of Dr. Barron's opinion.

Because Plaintiff's Objection to the R&R provide no basis for rejecting Judge Elkins' findings and conclusions, and the Court finds no clear error in those portions of the R&R to which Plaintiff does not object, IT IS HEREBY ORDERED THAT

1. Plaintiff's Objection, Dkt. 19, is OVERRULED;

2. The Report and Recommendation, Dkt. 18, is ACCEPTED;

3. Plaintiff's request for relief, Dkt. 14, is DENIED;

4. Defendant's request for relief, Dkt. 16, is GRANTED;

5. The Commissioner's decision denying Plaintiff's claim for benefits is AFFIRMED; and

6. This matter is DISMISSED WITH PREJUDICE.

**Let Judgment be entered accordingly.**

Date: January 10, 2025

*s/Katherine Menendez*
Katherine Menendez
United States District Judge